IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| TIMOTHY EDWARD TRAPP and | ) | Case No. 19-02876-TOM-7 |
| SHERRY ROBISON TRAPP, | ) | |
| | ) | |
| Debtors. | ) | |

_____

## MEMORANDUM OPINION AND ORDER

This case came before the Court on December 3, 2019, for a hearing on the Motion to Extend Deadline for Objection to Discharge and/or to Challenge Dischargeability of Debt filed by Strategic Funding Source, Inc ("Strategic"). Appearing before the Court were Erno D. Lindner and Rita L. Hullett, attorneys for Strategic Funding Source, Inc.; Matthew A. Dunaway, attorney for the Debtors, Timothy Edward Trapp and Sherry Robison Trapp; and Carolina Baez, witness for Strategic Funding Source, Inc. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and 157(a) and the District Court's General Order of Reference Dated July 16, 1984, as Amended July 17, 1984.[1] This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A).[2] This Court has considered the pleadings, the arguments of counsel, the exhibits, the testimony, and the law, and finds and concludes as follows:[3]

---

[1] The General Order of Reference Dated July 16, 1984, As Amended July 17, 1984 issued by the United States District Court for the Northern District of Alabama provides:
>The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

[2] 28 U.S.C. §157(b)(2)(I) provides as follows:
>(b)(2) Core proceedings include, but are not limited to–
>   (A) matters concerning administration of the estate[.]

[3] This Memorandum Opinion and Order constitutes findings of facts and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to contested matters in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Bankruptcy Procedure 9014.

# FINDINGS OF FACT[4]

The Trapps filed their bankruptcy case on July 17, 2019. On July 18, 2019 a Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline was sent to the Trapps' scheduled creditors informing them that the § 341 Meeting of Creditors would be held on August 12, 2019, and that October 11, 2019 was "the deadline to object to discharge or to challenge whether certain debts are dischargeable[.]" Doc. No. 9. The Notice was sent to Strategic Funding Source by the Bankruptcy Noticing Center via regular mail. *Id*.

Carolina Baez is an employee at Strategic who deals with bankruptcy matters, including, among other things, comparing information from bankruptcy filings to the information Strategic has in their system, filing proofs of claim, gathering information to submit to outside counsel when necessary, and calendaring applicable deadlines. Ms. Baez testified that before making loans Strategic goes through a rigorous risk analysis process and is very selective about its customers. Strategic collects information from potential clients through forms and phone calls. Like with other potential clients, before making the loan to Trapp Insurance Agency, LLC (the "Agency"), Strategic asked the Agency and its principals to make representations regarding their financial condition, such as whether they are likely to file for bankruptcy within twelve months, and representations that they will refrain from certain activities, such as not obtaining additional alternative financing. Ms. Baez testified that Strategic relied on representations made by the Agency and the principals, and the loan was funded. She further testified that the loan would not have been made had Strategic known the representations were not true. According to Ms. Baez, the loan was in default by February 2018, a few months after it was funded.

---

[4] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files. *See ITT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. Unit B July 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

2

Ms. Baez testified that she received notice of the Trapps' bankruptcy case on September 1, 2019 – about six weeks after the filing date and after the §341 Meeting of Creditors. She explained that it was not unusual for her to receive bankruptcy notices so late.[5] Ms. Baez testified that once she receives a bankruptcy notice she researches the file and recommends to in-house counsel whether she believes a complaint should be filed. In-house counsel then decides whether to send the file to outside counsel for action. Ms. Baez testified that she began her research on the Trapp file when she received notice of the filing. Among other things in her investigation, she compared the Trapps' bankruptcy schedules and information from the Alabama Secretary of State to the information given to Strategic in connection with the loan. She found various discrepancies. She also noticed in the file a hardship letter from Mrs. Trapp regarding health issues Mr. Trapp was facing. Based on her research Ms. Baez referred the file to in-house counsel around September 26; she does not know when in-house counsel referred it to outside counsel.

Ms. Baez testified that Strategic was aware of the deadline to file a complaint, and was ready to do so prior to the deadline, but did not due to Mr. Trapp's health issues. She testified that Strategic wanted to give the Trapps the opportunity to substantiate the assertion that Mr. Trapp's health problems led to the business's troubles.

Rita Hullett, one of the attorneys for Strategic, testified that she had first heard about her law firm's file regarding Strategic and the Trapps on September 30, 2019, when she was asked to contact the Trapps' counsel to request an extension of the complaint deadline. According to Ms. Hullett, she contacted Mr. Dunaway by phone and he agreed to an extension. However, later that day, Mr. Dunaway informed Ms. Hullett by email that he could not agree to an extension without

---

[5] Ms. Baez testified that Strategic's bankruptcy department has recently expanded and they are in the process of training employees; Strategic has four offices to which notices may be sent, then the notices have to be forwarded to her.

3

speaking to his clients first. He requested 24 hours to contact his clients and respond. Ms. Hullett testified that she did not hear from Mr. Dunaway so on October 14, 2019, she emailed to let him know that, due to time constraints, motions for a 2004 examination and for an extension of time to file a complaint had been filed. She further testified that had Mr. Dunaway denied the request for an extension then Strategic would have proceeded with filing it earlier.

## CONCLUSIONS OF LAW

Pursuant to Rule 4004(b) and Rule 4007(c), the deadline for filing a complaint objecting to a debtor's discharge or to determine the dischargeability of a debt may be extended on motion of any party in interest, provided cause exists and the motion is filed before the deadline has expired. Fed. R. Bankr. P. 4004(b), 4007(c). The determination of cause under Rule 4004(b) and Rule 4007(c) is the same. *In re Tumbleson*, 596 B.R. 913, 915 (Bankr. N.D. Fla. 2018). Strategic filed the Motion on October 8, 2019, and the deadline to file a complaint was October 11, 2019; because the Motion was timely filed, the issue before the Court is whether cause exists to extend the deadline.

The Bankruptcy Code does not provide a definition of "cause." This Court has previously discussed "cause" in its memorandum opinions entered in *In re Dalton*, Case No. 07-03550 (Bankr. N.D. Ala. Dec. 20, 2007) and *In re Duncan*, Case No. 09-01255 (Bankr. N.D. Ala. Aug. 31, 2009). In those opinions, this Court adopted the factors set forth in *In re Ballas*:

> (1) whether the debtor refused in bad faith to cooperate with the creditor; (2) whether the creditor had sufficient notice of the deadline and the information to file an objection; (3) the possibility that the proceedings pending in another forum will result in collateral estoppel on the relevant issues; (4) whether the creditor exercised diligence; and (5) the complexity of the case.

*In re Ballas*, 342 B.R. 853, 856 (Bankr. M.D. Fla. 2005), *aff'd*, 212 F. App'x 867 (11th Cir. 2006). The *Ballas* court emphasized the most important factor is whether the creditor exercised diligence.

4

*Id.*; *see also In re Denike*, 322 B.R. 452, 455 (Bankr. M.D. Fla. 2005) ("A creditor's lack of diligence can be fatal to its request at the eleventh hour to obtain an extension of the time period . . . ."); *In re Woods*, 260 B.R. 41, 44-45 (Bankr. N.D. Fla. 2001) ("[A] lack of diligent effort by a creditor can be fatal to a creditor's last minute attempt to achieve an extension of the deadline."). However, "'special circumstances' may justify an extension of time to file a dischargeability complaint." *In re James*, 187 B.R. 395, 397 (Bankr. N.D. Ga. 1995).

Some of the factors may be addressed quickly. Considering the first factor, while the Debtors did not ultimately respond to Strategic's request to extend the deadline, the Court cannot say that the lack of response alone was bad faith. There is apparently no proceeding pending in another forum, so the third factor is irrelevant in this case.[6] As to the fifth factor, it does not appear at this time that there are any unusually complex facts or issues involved.

The second and fourth factors, "whether the creditor had sufficient notice of the deadline and the information to file an objection" and "whether the creditor exercised diligence," are particularly relevant in this case. According to Ms. Baez, although she received the bankruptcy notice too late to attend the § 341 Meeting of Creditors, she began investigating the file as soon as she learned of the bankruptcy. Ms. Baez acknowledged that Strategic had notice of the deadline to file a timely complaint; in fact, according to Ms. Baez, Strategic was prepared to file a complaint but decided to not file it right away. Ms. Baez explained that Strategic wanted to give the Debtors an opportunity to provide information about Mr. Trapp's sensitive health issues before it decided how to proceed. However, it appears that after Mrs. Trapp initially raised Mr. Trapp's health issues in the hardship letter, she did not provide any corroborating information or otherwise follow

---

[6] During the cross-examination of Ms. Baez by Mr. Dunaway, Ms. Baez testified that she was aware of previous filings against the Debtors in Virginia. Ms. Baez noted that she believed the Virginia action dealt with breach of contract, not fraud. No further information was given to the Court regarding the Virginia action or any other actions that could have been pending against the Debtors.

5

up on her assertions in any way.

It appears to the Court that Ms. Baez acted diligently to research the Debtors' file as soon as she received notice of their bankruptcy case. It further appears that Strategic received notice of the deadline in enough time to file a timely complaint against the Debtors, and actually had a complaint ready to file, but consciously chose to hold off filing the complaint. The testimony of Ms. Baez reflects that Strategic held off not out of idleness or carelessness, but in an effort to give the Debtors a chance to demonstrate the effect of Mr. Trapp's health problems before subjecting the Debtors to a lawsuit. In his closing argument, counsel for Strategic stated that it would have been easier to file a complaint, but it was "out of humanity" that Strategic instead asked the Debtors for more information. The Court concludes that, based on Strategic's diligence in investigating the Debtors' file, and considering the special circumstances wherein Strategic delayed filing the complaint based on Mrs. Trapp's assertion of Mr. Trapp's health issues, the deadline for filing a complaint objecting to discharge and/or challenging the dischargeability of a debt is due to be extended.

It is therefore **ORDERED, ADJUDGED, and DECREED** that Strategic's Motion to Extend Deadline for Objections to Discharge and/or to Challenge Dischargeability of a Debt is **GRANTED**. The deadline for filing a complaint is extended to December 30, 2019, as to Strategic only.

Dated: December 16, 2019  /s/ Tamara O. Mitchell
TAMARA O. MITCHELL
United States Bankruptcy Judge

TOM/dgm

6